## Anna Jacobi, Appellee, v. Jacob A. Lewitz, Appellant.
### Gen. No. 27,590.

1. INSURANCE—*evidence of agreement to insure stored goods.* An agreement by defendant to insure plaintiff's fur coat is shown by evidence that plaintiff delivered the coat to defendant's employee and received from him a receipt bearing her name and address with a statement that the coat is "insured and valued at $500" and of the charges, that plaintiff delivered the coat to defendant at the time in question to be repaired and then stored, that defendant after an examination of the coat fixed the charge for repairing and an additional charge for insuring it, and which tends to show that defendant customarily insured articles stored with him for an additional charge.

2. INSURANCE—*nature of contract insuring fur coat.* In an action by the owner of a fur coat to recover the value thereof from defendant under agreement of the latter to insure the coat, recovery is not defeated by failure to show what kind of insurance the parties intended to provide for, where defendant's receipt to the plaintiff evidencing such contract of insurance was drawn by defendant himself and indicates that defendant agreed to insure the return of the garment to plaintiff or in lieu thereof to pay the value therefor not exceeding the maximum amount named in the receipt.

Appeal by defendant from the Municipal Court of Chicago; the Hon. JOHN RICHARDSON, Judge, presiding. Heard in this court at the March term, 1922. Affirmed. Opinion filed December 11, 1922.

JOHN A. BLOOMINGSTON, for appellant.

No appearance for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

Plaintiff obtained a judgment in the municipal court of Chicago against the defendant for $375, which the latter seeks to reverse by his appeal to this court.

The main contention of the defendant is that he had not, as alleged in plaintiff's statement of claim, agreed to insure for the sum of $500 a fur coat delivered to

defendant by plaintiff to be repaired. At the time plaintiff delivered the coat in question to the defendant, plaintiff was given a receipt therefor which is as follows:

"LEWITZ                                                No. 1673
Received of
Name    Mrs. Jacobi
Address    4255 Vincennes
Insured and Valued at $500
Storage Charge,    $75.00."

It is conceded that no charge was made for storage of the garment, as indicated by the receipt. The defendant says that the $75 charge was made therein solely for repairs to be made on the coat, while plaintiff's testimony is that for this sum defendant agreed to insure the coat for the sum of $500. Plaintiff testified that while wearing the coat during the winter she asked defendant how much he would charge to repair it; that defendant said he would charge $65; that later, about the 15th of June, 1921, plaintiff brought the coat to defendant's place of business and delivered it to an employee of defendant, who took it to defendant and he looked it over; that the employee returned and said the charge would be $65, and that she, plaintiff, said that she desired to have the coat insured; that this employee then informed plaintiff that the charges for repairing the coat and insuring it would be $75. The evidence shows that some time later defendant's place of business was burglarized and plaintiff's coat, among other articles, was stolen. Defendant denied that he insured the coat or that he intended to do so, and said that he had not at any time conducted an insurance business of any sort. Witnesses, however, who testified for the plaintiff, contradict him in this particular. One of these witnesses, whose testimony does not appear in the abstract, testified that she delivered a coat to him for storage and that in addition to the storage charge she paid him $2.50 to insure the garment.

It is urged that the evidence is insufficient to establish a contract of insurance between plaintiff and defendant for the reason that it does not appear what kind of insurance the parties intended to provide for by their contract. It should be kept in mind that the receipt introduced in evidence was drawn by defendant and for that reason, if at all ambiguous, it should be construed more strongly against him. Defendant says that the form of receipt given plaintiff was the one continuously used by him. Under the circumstances, it is not unreasonable to hold that the contract of insurance meant that defendant stood ready to insure the return of the garment to plaintiff, or in lieu thereof to pay her a value therefor not to exceed $500. We are unable to say that the judgment for $375 in plaintiff's favor is excessive.

The judgment of the municipal court is affirmed.

*Affirmed.*

McSurely, P. J., and Matchett, J., concur.